O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MARVIN GUERRA, | Case No. CV 12-7508-PSG (MLG) |
| Petitioner, | MEMORANDUM OPINION AND ORDER DISMISSING PETITION WITHOUT PREJUDICE AND DENYING CERTIFICATE OF APPEALABILITY |
| v. | |
| R. DIAZ, Warden, | |
| Respondent. | |

**I.   Factual and Procedural Background**

Petitioner is a state prisoner. He filed this petition for writ of habeas corpus on August 31, 2012. Because this is Petitioner's second petition challenging the same underlying state court judgment, the petition must be dismissed as successive under 28 U.S.C. § 2244(b)(3)(A).

The petition shows that Petitioner was convicted, following a jury trial in the Los Angeles County Superior Court, of attempted murder, aggravated mayhem and possession of a firearm, in violation of Cal. Penal Code §§ 664/187, 205, and 12022.53. In May 2004, Guerra was sentenced to life in prison with a minimum parole eligibility date of 15 years, plus 25 years to life. *See People v. Guerra*, 2005 WL 2403447

(Cal. App. 2005).

Petitioner appealed his conviction to the California Court of Appeal. On September 30, 2005, the court affirmed the judgment. Petitioner's application for review was denied by the California Supreme Court on December 21, 2005.[1] Eighteen months later, on August 6, 2007, Petitioner filed a petition for writ of habeas corpus in this court. On November 1, 2007, District Judge Phillip S. Gutierrez dismissed the petition with prejudice because it was untimely filed. *Guerra v. Clark*, Case No. CV 07-6060-PSG (MLG). Petitioner did not appeal from that judgment.

No further action was taken until April 27, 2012, when Petitioner filed a habeas corpus petition in the California Supreme Court. *In re Guerra*, Case No. S202123. That petition was denied on July 11, 2012. This petition followed.

In the current petition, Petitioner raises a variety of new claims of error relating to the ineffective assistance of trial and appellate counsel and asserts that he is actually innocent of the offenses for which he was convicted. Because it is clear that Petitioner is challenging the constitutionality of the very same judgment addressed in Case No. CV 07-6060-PSG (MLG), this petition must be dismissed as successive within the meaning of 28 U.S.C. § 2244(b)(3)(A).

//
//
//
//

---

[1] These dates have been confirmed by accessing the California Appellate Courts Case Information website. http://appellatecases.courtinfo.ca.gov/search.

**II.  Discussion.**

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, a district court may summarily dismiss a habeas corpus petition, before the respondent files an answer, "[if it plainly appears from the face of the petition ... that the petitioner is not entitled to relief." The notes to Rule 4 state: "a dismissal may be called for on procedural grounds, which may avoid burdening the respondent with the necessity of filing an answer on the substantive merits of the petition." *See Boyd v. Thompson*, 147 F.3d 1124, 1127-28 (9th Cir. 1998). It is beyond question that this Court lacks jurisdiction to review this petition without authorization from the court of appeals. Accordingly, summary dismissal of this petition is warranted.[2]

---

[2] Petitioner has consented to the exercise of consent jurisdiction by the United States Magistrate Judge. "Upon the consent of the parties," a magistrate judge "may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case." 28 U.S.C. § 636(c)(1). Here, Petitioner is the only "party" to the instant proceeding and has consented to the jurisdiction of the undersigned United States Magistrate Judge. Respondent has not yet been served with the Petition and therefore is not a party to this proceeding. *See, e.g., Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." (internal quotation marks omitted)). Thus, all parties have consented pursuant to 28 U.S.C. § 636(c)(1). *See, e.g, Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) (holding that magistrate judge had jurisdiction to dismiss prison inmate's action under 42 U.S.C. § 1983 as frivolous without consent of defendants because defendants had not been served yet and therefore were not parties); *United States v. Real Property*, 135 F.3d 1312, 1317 (9th Cir. 1998) (holding that magistrate judge had jurisdiction to enter default judgment in an in rem forfeiture action even though property owner had not consented to it because 28 U.S.C. § 636(c)(1) only requires the consent of the "parties" and the property owner, having failed to comply with the applicable filing requirements, was not a "party"); *see also Patrick Collins, Inc. v. Doe*, 2011 U.S. Dist. LEXIS 125671, at *4 n.1 (N.D. Cal. Oct. 31, 2011) ("Here, Plaintiff has consented to magistrate jurisdiction and the Doe Defendants have not yet been served. Therefore, the Court finds that it has jurisdiction under 28 U.S.C. § 636(c) to decide the issues raised in the instant

The Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("AEDPA") requires that "[before a second or successive application [for writ of habeas corpus] permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Section 2244(b)(3)(A) explicitly mandates that a second and/or successive petition, like the one in this case, requires Ninth Circuit approval before it can be considered by the district court. *Burton v. Stewart,* 549 U.S. 147, 153 (2007). This Court must dismiss any second or successive petition challenging the merits of a judgment unless the court of appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. *Burton,* 549 U.S. at 157. The Ninth Circuit has held the dismissal of a § 2254 habeas corpus petition as untimely constitutes a disposition on the merits, therefore, a further petition challenging the same conviction constitutes a "second or successive" petition for purposes of § 2244(b). *McNabb v. Yates*, 576

---

motion(s)."); *Third World Media, LLC v. Doe* , 2011 WL 4344160, at *3 (N.D. Cal. Sept. 15, 2011) ("The court does not require the consent of the defendants to dismiss an action when the defendants have not been served and therefore are not parties under 28 U.S.C. § 636(c)."); *Kukiela v. LMA Prof'l Recovery Group*, 2011 U.S. Dist. LEXIS 85417, at *1 n.1 (D. Ariz. Aug. 1, 2011) ("Plaintiff consented to proceed before a United States Magistrate Judge for all proceedings in this case, including entry of final judgment, pursuant to 28 U.S.C. §636(c)(1). (Doc. 7.) Because Defendant did not appear and establish its standing as a party in this action, the Magistrate Judge has jurisdiction to enter the requested default judgment."); *Quigley v. Geithner*, 2010 WL 3613901, at *1 (D. Idaho Sept. 8, 2010) ("Plaintiff, the only party appearing in this case, has consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case."); *Ornelas v. De Frantz*, 2000 WL 973684, at *2 n.2 (N.D. Cal. June 29, 2000) ("The court does not require the consent of defendants in order to dismiss this action because defendants have not been served, and, as a result, are not parties under the meaning of 28 U.S.C. § 636(c).").

F.3d 1028, 1029 (9th Cir. 2009).

This second petition raises entirely new claims for relief. A claim in a second or successive habeas petition which was not previously presented may be considered if the petitioner shows that 1) the claim rests on a new, retroactive, constitutional right, or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable fact-finder would have reached the same factual conclusion. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements. A petitioner is still required to seek authorization from the court of appeals in order to have the district court consider the petition. 28 U.S.C. § 2244(b)(3)(A), *see also Reyes v. Vaughn*, 276 F.Supp.2d 1027, 1030 (C.D. Cal. 2003) ("[T]o the extent that petitioner would like to show that he falls within one of the exceptions to dismissal of successive habeas petitions, 28 U.S.C. § 2244(b)(2)(B), he must first present any such claim to the Court of Appeals rather than to this Court.").

This petition was filed without leave of the Ninth Circuit. Until the Ninth Circuit authorizes the filing of this petition, this Court lacks jurisdiction to consider the merits. *See Burton,* 549 U.S. at 157; *Cooper v. Calderon,* 274 F.3d 1270, 1274 (9th Cir. 2001). Accordingly, the petition is DISMISSED WITHOUT PREJUDICE.

//
//
//
//

5

**CERTIFICATE OF APPEALABILITY**

A certificate of appealability will not issue. Reasonable jurists would not find the dismissal of the petition as successive debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated: September 5, 2012

_____
Marc L. Goldman
United States Magistrate Judge